Judgment rendered July 8, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,869-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CARTER HEITH DUPREE, ET UX        Plaintiffs-Appellees

versus

DAVID G. SAUNDERS        Defendant-Appellant

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Union, Louisiana
Trial Court No. 45,677

Honorable Thomas Wynn Rogers, Judge

* * * * *

MIXON, CARROLL
& FRAZIER, PLLC
By: James Eugene Mixon
    James Linus Carroll

Counsel for Appellant

LAW OFFICES OF
CHRIS L. BOWMAN
By: Chris Lane Bowman

Counsel for Appellees,
Carter Heath Dupree and
Janice Ruth Lum Posey
Dupree

BREITHAUPT, DUBOS,
& WOLLESON, LLC
By: Michael Lee DuBos
    Adam Roger Karamanis

Counsel for Appellee,
Riverview Cattle
Company

MARCY L. ALLEN                          Counsel for Appellees,
                                        Armonda Lynn Crist and
                                        Kevin Cope

* * * * *

Before STEPHENS, THOMPSON, and HUNTER, JJ.

**HUNTER, J.**

Defendant, David G. Saunders, appeals a district court ruling in favor of plaintiff, Carter Heith Dupree, granting a servitude of passage along Route C as the shortest and least injurious route pursuant to La. C.C. art. 692. For the following reasons set forth below, we affirm the trial court's judgment.

## FACTS

In December 2001, the plaintiff purchased a 40-acre landlocked tract of land in Union Parish for hunting purposes. The purchase price was $20,000, and at the time of the sale, the plaintiff was aware of periods of flooding and limited access to the tract during the hunting season. The defendant purchased his 199-acre tract in May 2012 for $275,000, intending to use it for recreational hunting and retirement, without any knowledge of the area's disputes. Ned White ("Mr. White"), the sole owner of Riverview Cattle Company, LLC ("Riverview"), purchased 660 acres in Union Parish, Louisiana, in March 2020 for $2.35 million, including lakes and a farming operation. Due to prior neglect, Riverview invested approximately $250,000 in improvements, including extensive excavating, dirt road work, installation of three miles of piping, and construction of culverts and improved roads throughout the property. Additionally, Kevin M. Cope and Armonda Lynn Crist purchased 12 acres in December 2019 and developed the property with a residence, horse facilities, rescue animal operations, and a cabin for their son.

The plaintiff's property lies west of Riverview's northern tract, while the defendant's property is located to the east. Historically, the plaintiff accessed his land via a pipeline right-of-way crossing properties owned by

the defendant's predecessors and Riverview; however, after purchasing his property, the defendant denied the plaintiff access to that route.

Three surveys were performed to measure proposed routes to the plaintiff's property. Plaintiff's surveyor, Jon Braswell, identified Route A (Blue Route) as approximately 4,522 feet and the most favorable option, as it uses Riverview's improved dirt road, provides all-weather access, and avoids flooding. Route B (Red Route), measuring about 5,068 feet, follows the pipeline right-of-way but passes into the Cope-Crist residence and includes areas with standing water up to two to three feet deep. Route C (Green Route), surveyed by Jeffery Messinger ("Messinger"), measures approximately 4,519 feet and follows the pipeline for most of its path before turning north to Longfield Cemetery Road, requiring only minimal clearing for vehicle access.

At trial, multiple witnesses testified that Routes B and C are prone to significant flooding, with water levels reaching 7 to 8 feet twice a year and up to 16 feet for extended periods. Route A would require two culverts, but Messinger's testimony indicated that properly engineered culverts would not cause harm. Regarding Route B, Mr. White stated it would not disrupt operations because a rigid pipe could be installed, while Kevin Cope testified it would severely interfere with the quiet enjoyment of their home because it runs directly through their property. The trial court also noted that the Copes were the only residential property owners affected by any proposed route, whereas Route C avoids their property entirely.

After a one-day trial, the court concluded that Route C was the shortest and least injurious option, and the servient estate owner appealed.

**DISCUSSION**

***Shortest Route***

The defendant argues that the trial court committed manifest error in its distance determination by finding Route C (4,518.80 feet) shorter than Route A (4,522.17 feet from the section line). The defendant further contends that the trial court erred in rejecting the testimony of the plaintiff's own surveyor, a licensed professional whose measurements established that Route A is, in fact, over 250 feet shorter than Route C.

In all civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a trial court finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. *Cenac v. Public Access Water Rights Assn,* 02–2660, p. 9 (La.6/27/03), 851 So.2d 1023. An appellate court reviewing factual conclusions must satisfy a two-step process on the record as a whole: there must be no reasonable factual basis for the trier of fact conclusion; and the finding must be clearly wrong. *Guillory v. Insurance Co. of North America,* 96–1084, p. 5 (La. 4/8/97), 692 So. 2d 1032; *Menard v. Lafayette Ins. Co.*, 09-1869 (La. 3/16/10), 31 So. 3d 1007; *Stobart v. State through Dept. of Transp. & Dev,* 617 So. 2d 882 (La. 1993). The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder conclusion was a reasonable one. *Burks v. Hogan*, 55,699 (La. App. 2 Cir. 5/22/24), 387 So. 3d 848, *writ denied*, 24-00814 (La. 10/15/24), 394 So. 3d 814.

The fact-trier is entitled to assess the credibility and accept the opinion of an expert just as with other witnesses, unless the stated reasons of the expert are patently unsound. Of course, the effect and weight to be given

3

such expert testimony depends upon the underlying facts and rests within the broad discretion of the trial judge. Moreover, in deciding to accept the opinion of one expert and reject the opinion of another, a trial court can virtually never be manifestly erroneous. *Fox v. Fox*, 97-1914 (La. App. 1 Cir. 11/6/98), 727 So. 2d 516, *writ denied*, 99-0265 (La. 3/19/99), 740 So. 2d 119; *ScenicLand Const. Co., LLC v. St. Francis Med. Ctr., Inc.*, 41,147 (La. App. 2 Cir. 7/26/06), 936 So. 2d 253.

The owner of an estate that has no access to a public road or utility may claim a right of passage over neighboring property to the nearest public road or utility. He is bound to compensate his neighbor for the right of passage acquired and to indemnify his neighbor for the damage he may occasion. La. C.C. art. 689.

The owner of the enclosed estate may not demand the location of the passage anywhere that the owner chooses. The passage from the enclosed estate to the public road shall generally be taken along the shortest route that is the least injurious to the intervening lands. La. C.C. art. 692. As recognized by the legislature in its use of the word "generally" in La. C.C. art. 692, there are situations that allow the servitude of passage to be imposed on an estate that does not provide the shortest route. *Davis v. Culpepper*, 34,736 (La. App. 2 Cir. 7/11/01), 794 So. 2d 74, *writ denied*, 01-2573 (La. 12/14/01), 804 So. 2d 646; *Mitcham v. Birdsong*, 573 So. 2d 1297 (La. App. 2 Cir. 1991); *Morgan v. Culpepper*, 324 So. 2d 605 (La. App. 2 Cir. 1975), *writs denied*, 326 So. 2d 377, 378 (La. 1976).

The jurisprudence has recognized two exceptions to the general rule: (1) when the estate which provides the shortest route is covered by water or otherwise not accessible year-round; and (2) when costs associated with

crossing the estate which is the shortest distance from the public road are so exceptional that from a practical standpoint it is economically unfeasible to build. *Phillips Energy Partners, LLC v. Milton Crow Ltd. P'ship*, 49,791 (La. App. 2 Cir. 5/20/15), 166 So. 3d 434*, writ denied*, 15-1396 (La. 10/2/15), 186 So. 3d 1148.

The party arguing that the servitude should instead be imposed on another estate bears the burden of establishing that one of the two exceptions is applicable. *Phillips Energy Partners, LLC v. Milton Crow Ltd. P'ship*, *supra*; *Entrada Co., L.L.C. v. Cassels*, 53,387 (La. App. 2 Cir. 4/8/20), 293 So. 3d 1260, 1269, *writ denied*, 20-00756 (La. 10/6/20), 302 So. 3d 526.

Departure from the general rule requiring location of the right of passage along the shortest route "must be supported by weighty considerations." A.N. Yiannopoulos, 4 La. Civ. Law Treatise, Predial Servitudes § 97, (3d Ed. 2004). Professor Yiannopoulos summarizes the jurisprudence on this issue as follows:

> In principle, courts will fix the right of way along the shortest route. Courts are not bound to follow the shortest route, but departure from this standard must be supported by weighty considerations. The court may grant a longer and more circuitous right of way than that desired by the owner of the enclosed estate in order to minimize any damage to the servient estate, for example, in order to avoid traversing walls or other constructions. Further, the court may grant a longer and less direct right of way than one offered by the owner of the servient estate if the shorter and more direct route involves excessive construction costs or is otherwise impracticable. *Id.*

*Corley v. C & J Frye Props., LLC*, 49,969 (La. App. 2 Cir. 8/19/15), 176 So. 3d 443, *writ denied*, 15-1887 (La. 11/20/15), 180 So. 3d 318.

Here, the trial court weighed the evidence and testimony in selecting the location of the servitude of passage. It found Mr. Braswell's testimony about the starting point of Route A and the end of Loch Lomond Road to be

speculative, with no reliable evidence establishing the road's exact endpoint or right-of-way. The trial court further determined that Route C, a hybrid route measuring 4,518.80 feet and requiring only minimal clearing, was the most practical option based on the parties' interests. We find this assignment of error lacks merit, as the trial court properly concluded that Route C satisfied the "shortest route" requirement under La. C.C. art. 692.

### *Least Injurious Route*

The defendant argues the trial court manifestly erred in finding Route C "least injurious" when Route B and C flood up to twenty feet deep for weeks at a time, despite Route A providing all-weather access on an existing $200,000 improved road. The defendant further contends the trial court failed to conduct the required balancing analysis in accordance with the Blackjack Farm factors, as the evidence demonstrates Route A's superiority over Route C.

The circumstances of each case will determine the location of the servitude. *Blackjack Farms, L.L.C. v. Richmond*, 53,986 (La. App. 2 Cir. 6/30/21), 324 So. 3d 734, *writ denied*, 21-01119 (La. 11/10/21), 326 So. 3d 1246. Courts will normally grant a right of passage that is least injurious to the servient estate, but other factors such as distance, degree of injury to the servient estate, practicability, and cost weigh in the decision of where to locate the right of passage. *Phillips Energy, supra*; *Dickerson v. Coon*, 46,423 (La. App. 2 Cir. 8/10/11), 71 So. 3d 1135; *Blackjack Farms supra.*

In this case, the record shows that in selecting Route C as the proper route, the trial court identified several issues with Route A. As stated above, Route A cannot support any claim that it is the shortest route, as its distance is speculative because it cuts across the pasture rather than following the

6

existing road, making it appear several hundred feet shorter than it actually is. Additionally, the defendant contends that Route A provides practical year-round access on existing improved infrastructure, yet testimony from Mr. White indicated Riverview wants to maintain the current infrastructure as it was specifically engineered around farming. The trial court credited testimony from Robbie McBroom, an expert in real estate appraisal, that the portion of Route A crossing the southwest corner of the defendant's property would lower its value by 25% and diminish its utility by splitting the tract. The court further noted that Route A would pass over areas containing Riverview's engineered irrigation piping, potentially disrupting its farming operations.

In comparison, although there was testimony that Route C floods one to three weeks at least twice annually, the trial court found the plaintiff had used Route C for eleven to twelve years without complaint or inconvenience. The court credited testimony from Mr. Preaus and Mr. Messigner that the route remained accessible by ATV or pickup truck, and it discounted the defendant's claims regarding interference with hunting and privacy as inconsistent with his own testimony. After reviewing the evidence, we agree with the trial court's conclusion that Route A would cause significant injury to the defendant and Riverview and properly determined that Route C was the least injurious route.

### Speculative & Unsupported Concerns

In the final assignment of error, the defendant argues the trial court abused its discretion by rejecting Route A based on judicial speculation about culvert costs based on the judge's "own personal experience" rather than evidence. The defendant asserts that Route C is not the proper historical

route and that the trial court lacked evidence regarding the cost of poly pipes and the alleged hunting disruption, instead relying on speculation rather than actual evidence.

The requirement for taking judicial notice pursuant to La. C.E. art. 201 is that the fact is not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. If that requirement is met, the trial judge has discretion to take judicial notice; however, if in addition to the satisfaction of that requirement, a party requests that judicial notice be taken, the taking of judicial notice becomes mandatory. *Boyer v. Kokkinis*, 51,598 (La. App. 2 Cir. 9/27/17), 244 So. 3d 658, *writ denied*, 17-2058 (La. 2/2/18), 235 So. 3d 1112.

The rule is well settled that in a judicial trial the facts must be found in accordance with the evidence submitted, unaffected by the personal opinion or prior knowledge of the judge who tries the case. *State v. Armitage*, 167 La. 70, 118 So. 696 (1928); *State v. Liner*, 166 La. 97, 116 So. 712 (1928). Disputed facts are not in the same vein as the laws of nature, geographic and historical facts, time, laws, and other matters of common knowledge. The resolution of disputed issues of material fact by judicial notice is improper. *Pierce v. Board of Supervisors of Louisiana State Univ.*, 392 So. 2d 460 (La. App. 1 Cir. 1979); *Brown v. Rudy Smith Serv., Inc.*, 441 So. 2d 409 (La. App. 4 Cir. 1983); *Acadia-Vermilion Rice Irrigating Co. v. Broussard*, 185 So. 2d 911 (La. App. 3 Cir. 1966).

*In Bjornson v. Cowan*, 45,927 (La. App. 2 Cir. 3/2/11), 58 So. 3d 517, the plaintiff purchased property represented as including a dock, but a later

survey revealed the dock was located on a neighboring tract. The plaintiff brought suit against the defendant for breach of contract by selling him property that did not contain the dock as represented by the defendant. The trial court found the defendant liable for breach of contract and awarded $7,920 in damages, relying on its own experience to value the dock at $20 per square foot. On appeal, this Court found the valuation improper because the plaintiff failed to show that the construction cost was undisputed or within common knowledge, and there was no evidence to support the $20-per-square-foot estimate. Concluding the trial court erred in taking judicial notice of the dock's value, this Court reduced the damage award to $4,140.

The defendant argues the trial court improperly took judicial notice of the cost of the culverts. We agree, as the trial court failed to show that the cost was not subject to reasonable dispute or within common knowledge. Instead, the lower court speculated, based on personal experience, that installation would cost thousands of dollars and therefore could not properly take judicial notice of that cost. Nonetheless, our agreement with regard to the cost of culverts does not affect our finding that the trial court did not err in finding Route C is the shortest and least injurious route.

Regarding historical use and the rejection of Route A, the trial court properly evaluated the evidence in selecting Route C. While the defendant relied on testimony of approximately 50 years of access via Loch Lomond Road, the court credited Mr. Preaus's testimony that the plaintiff historically used Route C for timber activities for 11 to 12 years before access was blocked by a fence. Although the trial court could not take judicial notice of culvert costs, the evidence showed that Route A's incomplete condition, due to the absence of culverts and the need for poly pipes, raised concerns about

material injury. The court also found the defendant's hunting and privacy concerns to be disingenuous and unsupported by evidence beyond his own testimony.

The trial court's determination that Route C was the shortest and least injurious route is supported by ample evidence. Applying a balancing test under La. C.C. art. 692, the court properly considered the circumstances in this case, weighed the evidence, and made credibility determinations within its discretion. Thus, we find no manifest error in the trial court's selection of a servitude of passage along Route C.

## CONCLUSION

For the reasons stated above, the judgment finding Route C as the shortest and least injurious route is hereby affirmed. Costs of the appeal are assessed to defendant, David G. Saunders.

**AFFIRMED.**